# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jeffrey Jordan,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | Civil Action No. 17-1409 (CKK) |
| : | |
| **FBOP Director Offices,** : | |
| : | |
| **Defendant.** : | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed a complaint in the Superior Court of the District of Columbia solely against the Federal Bureau of Prisons ("BOP"), which removed the complaint to this Court pursuant to 28 U.S.C. §§ 1442(a) and 1446. Not. of Removal [Dkt. # 1]. In the tersely worded complaint, plaintiff alleges that in November 2015, staff at St. Elizabeths Hospital in Washington, D.C., hit him in his right eye, which was "injure[d] already."[1] As a result, plaintiff seeks $25 million in monetary damages. Compl. [Dkt. # 1-1 at 2].

Pending is BOP's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 6]. On September 27, 2017, plaintiff was ordered to respond to defendant's motion by November 6, 2017, or face possible dismissal of the case. *See* Order [Dkt. # 7]. Plaintiff has neither complied with the order nor requested additional time to comply. Consistent with the advisements in the order, the Court finds that plaintiff has conceded

---

[1] In contrast to the federal entity sued in this case, St. Elizabeths Hospital is an entity of the District of Columbia Department of Behavioral Health, *see* https://dbh.dc.gov/page/saint-elizabeths-hospital; it cannot be sued in its own name. *See Univ. Legal Servs., Inc. v. St. Elizabeths Hosp.*, 2005 WL 3275915, at *6 (D.D.C. July 22, 2005) (dismissing action against St. Elizabeths Hospital as a "District agency" not amenable to suit).

defendant's arguments for dismissal and, for the reasons explained below, agrees that dismissal is warranted under Rule 12(b)(1) for lack of subject matter jurisdiction.

First and foremost, defendant argues correctly that dismissal is necessitated by the derivative jurisdiction doctrine. *See* Def.'s Mem. at 6-8 [Dkt. # 6-1]. Under that doctrine, which "still applies to claims removed under [§] 1442, . . . a federal court's jurisdiction must 'mirror the jurisdiction that the state court had over the action prior to removal.'" *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 295 (D.D.C. 2017) (quoting *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 129 (D.D.C. 2014) (other citation omitted)). If the state court never had jurisdiction over the subject matter or the parties, the federal court cannot "acquire jurisdiction," even if it could have "in a like suit originally brought" in federal court. *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). Notwithstanding that plaintiff has yet to allege facts implicating a federal employee in the alleged misconduct, any personal injury claim plaintiff may have against BOP for monetary damages must be pursued under the Federal Tort Claims Act ("FTCA"), which grants "exclusive jurisdiction" of such claims in the federal district courts. 28 U.S.C. § 1346(b); *see id*. § 2679(a) ("the remedies provided [under the FTCA] shall be exclusive"). As a result, this Court lacks jurisdiction over the removed case because D.C. Superior Court "never acquired jurisdiction over either the subject matter or the [BOP] as a United States agency." *Johnson*, 239 F. Supp. 3d at 296.

Even if this action had originated in this Court, BOP argues correctly that subject matter jurisdiction still is lacking because plaintiff has not pursued, let alone exhausted, his administrative remedies under the FTCA. *See* Def.'s Mem. at 8-9 (citing Decl. of Richard J. Hansford ¶¶ 5-6 [Dkt. 6-2]). Under the doctrine of sovereign immunity, "the United States may

2

not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (citation and internal quotation marks omitted). The FTCA waives the United States' immunity under limited circumstances. It states: "[a]n action shall not be instituted [under the FTCA] unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," or unless the agency has failed to render a "final disposition of a claim within six months after it is filed," which then is "deemed a final denial of the claim[.]" 28 U.S.C. § 2675(a). It is established in this circuit that an FTCA claim not previously presented to the appropriate agency is barred on "jurisdictional" grounds. *Ali v. Rumsfeld*, 649 F.3d 762, 775 (D.C. Cir. 2011) (citation and internal quotation marks omitted); *see Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007) ("This court and the other courts of appeals have treated the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional.") (citation omitted)). And "[w]ith the case in this posture, the court could no more rule in favor of the government than against it." *Simpkins*, 108 F.3d at 371. Accordingly, the Court will grant defendant's motion to dismiss for want of subject matter jurisdiction and will dismiss the case without prejudice. A separate order accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Dated: January 5, 2018